543 A.2d 1253

Pocono Green, Inc., Appellant *v.* Board of Supervisors of Kidder Township, Appellee.

Argued February 25, 1988, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Lenard L. Wolffe, Pechner, Dorfman, Wolffe, Rounick & Cabot,* for appellant.

*William E. McDonald,* for appellee.

OPINION BY SENIOR JUDGE KALISH, June 29, 1988:

Pocono Green, Inc. (developer) appeals from an order of the Court of Common Pleas of Carbon County which affirmed the Board of Supervisors of Kidder Township's (Board) denial of preliminary approval of its planned unit development. We reverse and remand.

The developer filed its application for preliminary approval of a planned unit development which contained information concerning the "feasibility" of proposals for the disposition of sanitary waste, and storm water. According to the developer's application for tentative approval, a privately-owned sewage plant would be installed at the development to handle all wastewater generated there.

The Department of Environmental Resources (DER), which is charged with the duty to approve or disapprove, gave its preliminary approval for the feasibility of the program. The developer relied on the testimony of John A. Burke, a professional engineer who testified that the proposed sewage system was "feasible from an engineering standpoint." Notes of testimony at 47. However, his testimony indicated that he was not familiar with the flow of the sewage into the creek and pond. The Board of Supervisors of Kidder Township found that the stream into which the developer proposes an affluence discharge goes dry and that the stream runs into a pond from which there is no discharge of the water.

The developer contends that the Board abused its discretion in determining that the developer had not met its burden of showing feasibility. The court of com-

mon pleas, without taking additional testimony, sustained the Board.

Our scope of review is to determine whether the Board abused its discretion or committed an error of law. *Doran Investments v. Muhlenberg Township,* 10 Pa. Commonwealth Ct. 143, 309 A.2d 450 (1973). An abuse of discretion occurs where the result is manifestly unreasonable as upon a showing of fraud, bad faith, capricious action or is in capricious disregard of competent evidence. *Lily Penn Food Stores, Inc. v. Pennsylvania Milk Marketing Board,* 80 Pa. 266, 472 A.2d 715 (1984). Once an applicant shows compliance with the necessary criteria, it is an abuse of discretion to deny preliminary approval.

In support of its position, the developer argues that the Board had no authority to deny tentative approval to the development because the state preempted this field. In *Council of Middletown Township v. Benham,* 514 Pa. 176, 523 A.2d 311 (1987), where this issue was raised, the court held that in analyzing the Sewage Act, the legislature did not intend to preempt this field.

Here, the proposed plan shows that a sewage plant will be installed at the development to handle all generated waste, thus conforming with the requirements of section 701 of the Pennsylvania Municipalities Planning Code,[1] and the local ordinance. In addition, a letter from DER states that the proposal submitted, utilizing private water supply and distribution and for sewage treatment, is acceptable to DER.

The term feasibility means that there is substantial evidence to support a finding that the solution of a problem is likely to succeed.

The evidence that the developer presented on the question of sewage disposal consisted of the testimony of

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10701.

Mr. Burke and the approval of the system by DER, as contrasted to the testimony of two laypersons.

The Board abused its discretion in concluding that the developer had failed to sustain its burden of proving that the proposed sanitary waste disposal system was feasible. There was substantial evidence to support a conclusion of feasibility.

Accordingly, this matter is reversed and remanded to the common pleas court with instructions to enter an order directing the Board of Supervisors of Kidder Township to grant preliminary approval of the developer's planned unit development.

ORDER

NOW, June 29, 1988, the order of the Court of Common Pleas of Carbon County, No. 85-0805, dated June 19, 1987, is reversed, and this case is remanded to the Court of Common Pleas of Carbon County with directions to enter an order directing the Board of Supervisors of Kidder Township to grant tentative approval to the Planned Unit Development filed by Pocono Green, Inc.

Jurisdiction relinquished.